UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

CESAR GALINDO                            §
                                         §
V.                                       §      Civil Action No. <u>  7:22-cv-42        </u>
                                         §
RONNIE LEE DOUCHET and                   §
HELMERICH & PAYNE, INC.                  §

## <u>NOTICE OF REMOVAL OF AN ACTION FROM STATE COURT</u>

Defendant Helmerich & Payne, Inc. ("H&P Inc." or "Defendant") files its Notice of Removal of an Action from State Court, hereby effecting the removal of the civil action pending in the 385th Judicial District Court of Midland County, Texas, styled *Cesar Galindo v. Ronnie Lee Douchet and Helmerich & Payne, Inc.,* Cause No. CV58320 to the United States District Court for the Western District of Texas, Midland Division, pursuant to 28 U.S.C. §§ 1332 and 1441. As grounds for this removal, Defendant states as follows:

### I.    Pleadings, Process, and Orders

1.     On February 9, 2022, Plaintiff Cesar Galindo ("Plaintiff") filed suit against Defendants Helmerich & Payne, Inc. ("H&P Inc.") and Ronnie Lee Douchet ("Douchet") in the 385th Judicial District of Midland County, Texas, Cause No. CV58320. A true and correct copy of the Original Petition filed in the State Court Action is attached hereto as **Exhibit B**.

2.     H&P Inc. has not yet been served with process in the State Court Action.  H&P Inc. has not appeared or answered in the State Court Action.

3.     Based on the current docket sheet, Defendant Douchet has not been served. Because he has not been served, consent is therefore not required from Unserved Defendant

Douchet. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action") (emphasis added); *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990) ("All defendants need not join in the petition for removal within the thirty day time period if: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed . . . .").

4.      28 U.S.C. § 1446(b) requires that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based … ."

5.      Accordingly, this Notice of Removal is timely filed as H&P has not yet been served in the State Court Action.

## II.      Diversity of Citizenship Jurisdiction

6.      This Court has original subject matter jurisdiction over this lawsuit based upon diversity of citizenship as set forth below.

7.      By filing this Notice of Removal, Defendant does not make a general appearance in this Court or the State Court and does not consent to the personal jurisdiction of this Court or the State Court. *See Ariz. v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (superseded by statute on other grounds) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal."); *United States Brass Corp. v. AM. Gas Furnace Co.*, No. 3:01-CV-0414-H, 2001 U.S. Dist. LEXIS 13251, *3 (N.D. Tex. Aug. 29, 2001) ("As a general rule, a party does not waive any Fed. R. Civ. P. 12(b) defenses by removing an action

from state to federal court."). Defendant reserves all rights to raise any and all available defenses in this Court or in the State Court in the event of a remand.

8.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that this is a civil action between citizens of different states. Removal of this action is proper because there is complete diversity and among all properly-joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Cesar Galindo, the Plaintiff, is a citizen and resident of Texas. *See* Orig. Pet., ¶ 2.

10.     Defendant H&P Inc. is a Delaware corporation with its principal place of business in Oklahoma.

11.     Unserved Defendant Douchet is a citizen and resident of Louisiana. *See* Orig. Pet., ¶ 3.

12.     H&P Inc. and Douchet are the only defendants to the lawsuit.

13.     As such, complete diversity of citizenship exists between Plaintiff, a citizen of Texas, and Defendants, citizens of Delaware, Oklahoma, and Louisiana.

14.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff alleges explicitly in paragraph 5 of Plaintiff's Original Petition that Plaintiff "seeks monetary relief over $200,000.00[.]"

15.     Accordingly, this United States District Court has original jurisdiction under 28 U.S.C. §1332, and the State Action is removable pursuant to 28 U.S.C. §1441(a) and (b).

### III.    Venue

16.    Because the State Court Action is pending in the 385th Judicial District Court of Midland County, Texas, which lies within the United States District Court for the Western District of Texas, Midland Division, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a).

### IV.    Procedural Requirements

17.    This Notice of Removal is signed by counsel for Defendant pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

18.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Texas, written notice of such filing is being served upon Plaintiff's attorneys of record. In addition, a copy of the Notice of Removal will be filed with the 385th Judicial District Court of Midland County, Texas, in which Cause No. 58320 is pending. As such, Defendant has met the notice requirements set out in 28 U.S.C. § 1446(d).

### V.    Filing Fee and Attachments

19.    Along with this Notice of Removal, Defendant has concurrently tendered the proper filing fee.

20.    Pursuant to 28 U.S.C. § 1446(a), the following documents are attached hereto:

    A.    Docket sheet from State Court Action (attached as **Exhibit A**);

    B.    All pleadings and orders filed in the State Court Action:

        i.    Plaintiff's Original Petition and Civil Case Cover Sheet (attached as **Exhibit B**); and

        ii.    Plaintiff's request for issuance of citations (attached as **Exhibit C**).

**PRAYER**

WHEREFORE, Defendant removes this action from the 385th Judicial District Court of Midland County, Texas, to the United States District Court for the Western District of Texas.

Dated: February 24, 2022

Respectfully submitted,

Baker & McKenzie

By: */s/ Alexander D. Burch*
    Margaret "Michelle" Hartmann
    Federal I.D. No. 588050
    Texas Bar No. 24032402
    michelle.hartmann@bakermckenzie.com
    Sydney B. Hunemuller
    Federal I.D. No. (application pending)
    Texas Bar No. 24120911
    sydney.hunemuller@bakermckenzie.com
    1900 North Pearl Street, Suite 1500
    Dallas, Texas 75201
    Tel: (214) 978-3421
    Fax: (214) 978-3099

    Alexander D. Burch
    Federal I.D. No. 1671580
    Texas Bar No. 24073975
    alexander.burch@bakermckenzie.com
    700 Louisiana, Suite 3000
    Houston, Texas 77002
    Tel: (713) 427-5000
    Fax: (713) 427-5099

**ATTORNEYS FOR DEFENDANT
HELMERICH & PAYNE, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 24th day of February 2022, a true and correct copy of the above and foregoing document was served on all known counsel of record via electronic service:

Robert Riojas
rriojas@riojaslawfirm.net

Riojas Law Firm
2035 Grant Avenue
El Paso, Texas 79930

*/s/ Alexander D. Burch*
Alexander D. Burch